UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINE CONNER | CIVIL ACTION NO.: |
| VERSUS | SEC. |
| ORLEANS PARISH SHERIFF'S OFFICE and CLEMONT GRIFFIN | MAG. |

Filed_____          Clerk_____

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Christine Conner ("Ms. Conner") who respectfully submits:

**JURISDICTION AND VENUE**

I.

This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. §§ 1981, 1983 and 1985, La. Rev. Stat. §§ 23:332, *et seq*. and 51:2231, *et seq*.

II.

Damages and other appropriate legal and equitable relief are sought pursuant to Title VII, 42 U.S.C. §§ 1981, 1983 and 1985,

III.

This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §

1981 and its pendent jurisdiction over state claims.

IV.

As the unlawful employment practices complained of herein occurred within the Eastern

District of the State of Louisiana, venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

V.

Made defendant herein is the Orleans Parish Sheriff's Office ("Sheriff's Office").

VI.

Also made defendant herein is Clemont Griffin ("Griffin").

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

VII.

Ms. Conner is a female.

VIII.

Griffin is a male.

IX.

At all times relevant hereto, Ms. Conner and Griffin were employees of the Sheriff's

Office .

X.

During the period of their employment by the Sheriff's Office, Ms. Conner and  Griffin

began a sexual relationship.

XI.

As a result of that relationship, Ms. Conner became pregnant by Griffin.

XII.

During her pregnancy, Ms. Conner's relationship with Griffin became caustic.  Ms. Conner attempted to end the relationship.

XIII.

Because of jealousy, Griffin began to sexually harass Ms. Conner on the job, at her home and also by making threatening telephone calls.

XIV.

At work, Ms. Conner was placed on the same shift as Griffin.

XV.

One morning at work, Griffin committed an assault and battery upon Ms. Conner.

XVI.

In an attempt to avoid any further abuse by Griffin, Ms. Conner asked her supervisor to assign Ms. Conner to a different shift.

XVII.

Ms. Conner complained several times to her supervisors about the sexual harassment. Her supervisors informed Griffin about the complaints but failed to take any appropriate action to end the discriminatory treatment.

XVIII.

Because the Sheriff's Office failed to take immediate and appropriate corrective action, a

hostile work environment was created that caused Ms. Conner to experience severe physical and

emotional distress.  She received professional treatment for her severe physical and emotional

distress.

## XIX.

In retaliation for her complaining about the sexual harassment, the Sheriff's Office

demoted Ms. Conner and reduced her pay.  She was also subjected to unwelcomed sexual

advances, verbal and physical harassment and offensive remarks.

## XX.

The work environment became so hostile that Ms. Conner could not remain in the

workplace.  She was forced to leave the environment in order to protect her mental and physical

health.

## XXI.

Because of the hostile work environment created by the Sheriff's Office's failure to take

immediate and appropriate corrective action, Ms. Conner filed a charge of discrimination with

the Equal Employment Opportunity Commission ("EEOC").  She received her right to sue letter

dated October 30, 2018.

## FIRST CLAIM FOR RELIEF

### XXII.

The allegations of paragraphs I through XXI are incorporated by reference herein.

### XXIII.

The above discriminatory and complained of acts of defendants constitute a conspiracy to

deprive Ms. Conner of her rights and privileges in violation of 42 U.S.C. §§ 1981 and 1985.

XXIV.

As a direct and proximate result of said acts, Ms. Conner has suffered, and continues to suffer, lost income, severe emotional pain, post traumatic stress disorder, severe mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury.  She has incurred, and continues to incur, expenses for medical and psychological treatment and medications.

**SECOND CLAIM FOR RELIEF**

XXV.

Ms. Conner incorporates by reference and realleges paragraphs I through XXIV.

XXVI.

The above discriminatory and complained of acts of defendants constitute the creation of, and maintenance of, a hostile work environment in violation of Title VII.

XXVII.

As a direct and proximate result of the hostile work environment, Ms. Conner has suffered, and continues to suffer, lost income, post traumatic stress disorder, emotional pain, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury. She has incurred and continues to incur expenses for medical and psychological treatment and medications.

**THIRD CLAIM FOR RELIEF**

XXVIII.

Ms. Conner incorporates by reference and realleges paragraphs I through XXVII.

XXIX.

Ms. Conner complained to her supervisors about the hostile work environment.

XXX.

As a result of Ms.Conner's complaints, she was subjected to unwarranted disciplinary actions that included, but were not limited to a demotion and reduction of pay.

XXXI.

The above discriminatory and complained of acts of defendants constitute retaliation in violation of Title VII.

XXXII.

As a direct and proximate result of the retaliation, Ms. Conner has suffered, and continues to suffer, lost income, severe emotional pain, post traumatic stress disorder, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury.  She has incurred and continues to incur expenses for medical and psychological treatment and medications.

**FOURTH CLAIM FOR RELIEF**

XXXIII.

Ms. Conner incorporates by reference and realleges paragraphs I through XXXII.

XXXIV.

The actions and inactions of defendants were committed while acting under the color of law and demonstrate a deliberate indifference to Ms. Conner's constitutionally protected rights and constitute a violation of §1983.

XXXV.

As a direct and proximate result of defendants' deliberate indifference, Ms. Conner has

suffered, and continues to suffer, lost income, severe emotional pain, post traumatic stress disorder, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury. She has incurred and continues to incur expenses for medical and psychological treatment and medications.

## FIFTH CLAIM FOR RELIEF

### XXXVI.

Ms. Conner incorporates by reference and realleges paragraphs I through XXXV.

### XXXVII.

The actions and inactions of defendants constitute a constructive discharge.

### XXXVIII.

As a direct and proximate result of her constructive discharge, Ms. Conner has suffered, and continues to suffer, lost income, past, present and future lost wages, a loss of employment benefits, severe emotional pain, post traumatic stress disorder, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury. She has incurred and continues to incur expenses for medical and psychological treatment and medications.

### XXXIX.

Ms. Conner incorporates by reference and realleges paragraphs I through XXXVIII.

### XL.

The above complained of acts and omissions of defendants constitute intentional infliction of emotional distress.

### XLI.

As a direct and proximate result of defendants' intentional infliction of emotional

distress, Ms. Conner has suffered, and continues to suffer, lost income, severe emotional pain, post traumatic stress disorder, mental anguish, depression, loss of enjoyment of life, emotional distress, and physical injury.  She has incurred and continues to incur expenses for medical and psychological treatment and medications.

## PRAYER

**WHEREFORE**, Ms. Conner prays for judgment against defendants, *in solido*:

a.      awarding plaintiff past, present and future lost wages, prejudgment interest, and damages for all employment benefits she would have  received but for the discriminatory acts and practices of defendants; and

b.      awarding plaintiff compensatory and punitive damages; and

c.      awarding plaintiff damages for severe emotional distress, post traumatic stress disorder, emotional pain, mental anguish, depression, loss of enjoyment of life; and

d.      awarding plaintiff damages for physical pain and suffering; and

e.      awarding plaintiff damages for all past and future medical expenses; and

f.      awarding plaintiff damages for all past and future psychiatric treatment expenses; and

h.      awarding reasonable attorneys' fees and costs incurred in this action; and

i.      legal interest on all the damages prayed for above from the date of judicial demand until paid, and;

j.      ordering any other relief this Court deems to be just and appropriate.

JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

F.R.C.P. Rule 4(d) Waiver of Service requested.

Respectfully Submitted,


DANATUS N. KING & ASSOCIATES


/s/ Danatus N. King
Danatus N. King (La. Bar # 20249)
2475 Canal Street, Suite 308
New Orleans, Louisiana 70119
(504) 821-3221 Telephone
(504) 821-3131 Facsimile
dking@dkinglawfirm.com
Attorneys for Christine Conner