UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINE CONNER | CIVIL ACTION |
| VERSUS | No.: 19-561 |
| ORLEANS PARISH SHERIFF'S OFFICE, ET AL. | SECTION: "J"(4) |

### ORDER & REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** filed by Defendants Orleans Parish Sheriff's Office, Clemont Griffin, and Sheriff Marlin Gusman, and an opposition thereto (Rec. Doc. 7) filed by Plaintiff Christine Conner.   Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED** as explained more fully herein.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff is a former employee of the Orleans Parish Sheriff's Office.  While an employee, she began a sexual relationship with Griffin, also an employee of the Sheriff's Office, and became pregnant from that relationship.  She attempted to end the relationship during her pregnancy after the relationship "became caustic."[1] Griffin then began making threatening telephone calls to Plaintiff.

At work, Plaintiff and Griffin had been assigned to the same shift.  Plaintiff alleges that one morning at work, Griffin "committed an assault and battery upon

---

[1] (Rec. Doc. 1, at 3).

[her]."[2]  Plaintiff then asked her supervisor to assign her to a different shift and "complained several times to her supervisors about the sexual harassment."[3]  Her supervisors informed Griffin about the complaints but otherwise did not take any action; instead, he was promoted to sergeant.  However, Plaintiff's supervisors refused to assign her to a different shift and "ma[de] excuses for Griffin's sexual harassment,"[4] and Plaintiff was demoted and had her pay reduced.  She also alleges she "was subjected to unwelcomed sexual advances, verbal and physical harassment and offensive remarks."[5]  Plaintiff then quit and filed a charge of discrimination with the Equal Employment Opportunity Commission.  She received a right to sue letter dated October 30, 2018.

After Plaintiff quit, Griffin continued to make threatening telephone calls to her and to "post[] harassing messages on social media."[6]  Plaintiff eventually obtained a restraining order against Griffin.

Plaintiff filed her original complaint on January 25, 2019, raising claims under Title VII, 42 U.S.C. §§ 1981, 1983, and 1985, and a state law tort claim for intentional infliction of emotional distress (IIED) against Griffin and the Sheriff's Office.  She later filed an amended complaint, which added Sheriff Gusman as a defendant and raised additional claims under the Equal Protection Clause and for "stalking, cyberstalking, sexual harassment, assault, battery and unwanted touching."[7]  All

---

[2] *Id.*
[3] *Id.*
[4] (Rec. Doc. 4, at 2).
[5] (Rec. Doc. 1, at 4).
[6] (Rec. Doc. 4, at 2).
[7] *Id.* at 4.

three Defendants then filed the instant motion to dismiss, arguing that the claims against the Sheriff's Office must be dismissed because a Louisiana parish sheriff's office is not a legal entity capable of being sued, and that Plaintiff has failed to state a plausible claim for relief against Griffin or Gusman.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint "must provide the defendant with 'fair notice of what the claim is and the grounds upon which it rests.'" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court is not, however, bound to

accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

## DISCUSSION

Before addressing the sufficiency of the allegations in Plaintiff's pleadings, the Court will address some of Plaintiff's assertions regarding the appropriate legal standard. Plaintiff, through counsel, contends her complaint is entitled to liberal construction and that it may not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief,'" quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).[8]

The "no set of facts" standard set forth in *Conley* has, at this point, long been "retire[d]." *Twombly*, 550 U.S. at 563. "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* In order to first adequately state a claim, a plaintiff must plead enough facts to "nudge[] [her] claims across the line from conceivable to plausible." *Id.* at 570. This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*,

---

[8] (Rec. Doc. 7, at 1).

550 U.S. at 557). In assessing whether a complaint should be dismissed, a court may exclude from consideration all legal conclusions not entitled to an assumption of truth, and then consider whether the remaining well-pleaded factual allegations plausibly, not just possibly, state a right to relief. *See id.* at 679.

Additionally, the Court will only "liberally construe briefs of *pro se* litigants and [will] apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Plaintiff, represented by counsel, is not entitled to this less stringent pleading standard.

## I.    CLAIMS AGAINST THE SHERIFF'S OFFICE

It is well established that "a sheriff's office is not a legal entity capable of being sued." *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002). Nevertheless, the Court treats claims against a sheriff's office as one against the sheriff in his official capacity. *See Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999). Because Plaintiff added Sheriff Gusman as a named defendant in her amended complaint, the Court finds dismissal of the Orleans Parish Sheriff's Office proper.

## II.    TITLE VII AND LOUISIANA EMPLOYMENT DISCRIMINATION CLAIMS

Plaintiff raises claims of hostile work environment, retaliation, and constructive discharge under Title VII. Defendants first assert that these claims against Griffin should be dismissed because he was her coworker, not her employer.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an *employer* . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). It goes on to define "employer" to include "any agent" of the employer. *Id.* § 2000e(b). The Fifth Circuit has held that Title VII does not impose individual liability; thus, "a Title VII suit against an employee is actually a suit against the corporation," and "a party may not maintain a suit against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Accordingly, the Title VII claims against Griffin must be dismissed. The fact that Griffin was promoted to a supervisory position at some point during the alleged events does not alter this conclusion, as he was still merely an agent of the Sheriff and not Plaintiff's employer.

Defendants also argue that Plaintiff's claims against Griffin under the Louisiana Employment Discrimination Law ("LEDL") should also be dismissed for essentially the same reason. *See* LA. REV. STAT. ANN. § 23:332. However, other than the jurisdictional statement, Plaintiff's Complaint and Amended Complaint do not contain a single reference to the LEDL.[9] Because Plaintiff has not raised a claim under the LEDL, there is no claim for the Court to dismiss.

## A.  Hostile Work Environment

To establish a claim for hostile work environment, a plaintiff must show:

> (1) she belongs to a protected class; (2) [she] was subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the

---

[9] Plaintiff's hostile work environment and retaliation claims reference only Title VII, while her constructive discharge claim does not reference any provision of law. (Rec. Doc. 1, at 5-7).

> harassment affected a term, condition, or privilege of her employment; and (5) [her employer] knew or should have known of the harassment and failed to take remedial action.

*Tucker v. United Parcel Serv., Inc.*, 734 F. App'x 937, 941 (5th Cir. 2018) (per curiam) (quoting *Cain v. Blackwell*, 246 F.3d 758, 760 (5th Cir. 2001)). Defendants contend that Plaintiff has failed to sufficiently allege the third, fourth, and fifth elements. However, at the pleading stage, the plaintiff "need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

To state a claim for hostile work environment, a plaintiff must allege "that an employer has created 'a working environment heavily charged with . . . discrimination.'" *Id.* at 330-31 (alteration in original) (quoting *Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971)). "In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (per curiam) (internal quotation marks and citation omitted).

The Court finds that Plaintiff has failed to adequately plead a claim for hostile work environment. Her allegations that "Griffin began to sexually harass [her] on the job" and that he "committed an assault and battery upon" her[10] are entirely

---

[10] (Rec. Doc. 1, at 3).

conclusory and should not be considered for purposes of the motion to dismiss.  *See*

*Iqbal*, 556 U.S. at 678; *Taylor*, 296 F.3d at 378.  Her allegation that she was "subjected

to unwelcomed sexual advances, verbal and physical harassment and offensive

remarks"[11] is also conclusory and fails to provide any detail from which the Court

could conclude that this conduct was sufficiently severe or pervasive such that it

constitutes a hostile work environment.  *See Whitlock*, 657 F. App'x at 287.  Likewise,

her allegation about threatening telephone calls fails to indicate whether she received

the calls at work, and she specifically alleges in her amended complaint that Griffin

made threatening calls and "post[ed] harassing messages on social media" after she

left her employment with the Sheriff's Office.[12]

In her opposition, Plaintiff refers to allegations that supervisors sometimes

requested dates or sexual favors for promotions[13] and that women "were treated like

candy" and "passed around amongst the male guards."[14]  However, without additional

detail, there is no basis for the Court to determine whether these alleged acts were

"infrequent, isolated incidents" or "'part of the same pattern of behavior that amounts

to a . . . hostile [work] environment.'"  *Mack v. John L. Wortham & Sons, L.P.*, 541 F.

App'x 348, 357 (5th Cir. 2013) (per curiam) (citation omitted).  To put it another way,

Plaintiff has not pleaded enough facts to "nudge[] [her] claims across the line from

---

[11] (Rec. Doc. 1, at 4).

[12] (Rec. Doc. 4, at 2).

[13] (Rec. Doc. 4-3, at 3).  This allegation is not directly raised in Plaintiff's amended complaint but is stated in a news article attached thereto.  As Defendants do not object, the Court will consider this information.

[14] (Rec. Doc. 7, at 4).

conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court finds that Plaintiff's hostile work environment claim should be dismissed.

## B. Constructive Discharge

A constructive discharge claim requires showing "a greater degree of harassment than is required for a hostile work environment claim." *Hockman v. Westerward Comms., LLC*, 407 F.3d 317, 332 (5th Cir. 2004). Because Plaintiff's hostile work environment claim has been dismissed, the Court concludes that this claim should also be dismissed.

## C. Retaliation

Defendants do not address Plaintiff's retaliation claim. To state a claim for retaliation under Title VII, a plaintiff must allege "'(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.'" *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (per curiam) (quoting *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001)). "Close timing between an employee's protected activity and an adverse action against [her] may provide the causal connection required to make out a prima facie case of retaliation." *Evans*, 246 F.3d at 354 (alteration in original) (internal quotation marks and citation omitted).

Plaintiff contends that she complained to her supervisors "several times" about Griffin's harassment and that she was subsequently demoted and had her pay

reduced.[15]  However, Plaintiff fails to allege any facts from which the Court could infer that the adverse employment actions were causally connected to her complaints about Griffin.  At most, Plaintiff alleges she returned from maternity leave sometime in 2016 and resigned in January 2018, and that her complaints, demotion, and pay reduction occurred sometime within this time period.[16]  *Cf. id.* ("We note that a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes." (internal quotation marks and citation omitted)). The Court finds that Plaintiff's retaliation claim should be dismissed.

## III.  SECTION 1981 CLAIM

Plaintiff attempts to state a claim under § 1981.  However, it is well-established that claims of gender discrimination are not cognizable under § 1981, which applies only to race.  *See Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342-44 (5th Cir. 1981).  As Plaintiff makes no allegations of racial discrimination, this claim will be dismissed.

## IV.  SECTION 1983 CLAIM

Defendants contend that Plaintiff cannot maintain claims under both Title VII and § 1983 based on the same allegations of discriminatory treatment in connection with public employment, relying on *Jackson v. City of Atlanta, Tex.*, 73 F.3d 60, 63 (5th Cir. 1996).  However, in *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 549-50 (5th Cir. 1997), the Fifth Circuit explained that *Jackson* was inconsistent with *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565 (5th Cir. 1989), in which

---

[15] (Rec. Doc. 1, at 3-4).
[16] (Rec. Doc. 4-3, at 5-6).

the court held that Title VII did not preempt § 1983 claims, and that *Johnston* was controlling as the earlier opinion under the court's rule of orderliness.

Nevertheless, "section 1983 and Title VII are parallel causes of action," and "the elements required to be established for each claim are deemed the same under both statutes." *Southard*, 114 F.3d at 554 (internal quotation marks and citations omitted). Because Plaintiff has failed to state a plausible claim for relief under Title VII, she necessarily has failed to state a claim under § 1983. *See id.*

## V. SECTION 1985 CLAIM

Section 1985 creates a cause of action for, inter alia, conspiracy to deprive a person or class of persons of the equal protection of the laws. 42 U.S.C. § 1985(3); *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). Plaintiff's only allegations relevant to this claim are that Griffin "conspired with other supervisors to deprive [Plaintiff] of her United States Constitution 14th Amendment equal protection rights by fostering and maintaining a hostile work environment of sexual harassment" and that "Griffin's supervisors conspired with Griffin to foster and maintain a sexually hostile work environment by making excuses for Griffin's sexual harassment and refus[ing] to assign [Plaintiff] to another shift."[17] However, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard*, 30 F.3d at 653 (internal quotation marks and citation omitted) (applying rule to Orleans Parish School Board). Griffin and his supervisors are employees of the Orleans Parish

---

[17] (Rec. Doc. 4, at 2).

Sheriff's Office; therefore, as agents of the Sheriff's Office, they "constitute a single legal entity which is incapable of conspiring with itself for the purposes of § 1985(3)." *Id.* Because Plaintiff fails to allege a conspiracy involving two or more persons, this claim will be dismissed.

## VI. TORT CLAIMS

Plaintiff raises claims under Louisiana tort law for intentional infliction of emotional distress against all Defendants,[18] and for stalking, cyberstalking, assault, battery, and unwanted touching against Griffin.[19]

A claim for intentional infliction of emotional distress requires a plaintiff to show: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). Plaintiff asserts that "Defendants' failure to address [the sexual harassment] complaints properly serves as a basis for plaintiff's intentional infliction of emotional distress claim."[20] Plaintiff's allegation, at most, raises an inference of negligence and is hardly the sort of extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress. *See id.* ("The conduct must be so outrageous in character, and so extreme in

---

[18] (Rec. Doc. 1, at 7).
[19] (Rec. Doc. 4, at 4).
[20] (Rec. Doc. 7, at 4).

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."). This claim will be dismissed.

Plaintiff's only allegation regarding her assault, battery, and unwanted touching claims is that "[o]ne morning at work, Griffin committed an assault and battery upon [Plaintiff]." This allegation is wholly conclusory, and these claims will be dismissed. *See Iqbal*, 556 U.S. at 678; *Taylor*, 296 F.3d at 378.

Finally, Plaintiff's purported claims for stalking and cyberstalking are no more than mere labels of causes of action, which will not suffice. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (cleaned up)). These claims will be dismissed.

## VII. OPPORTUNITY TO AMEND

"The court should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). Thus, Rule 15(a) "evince a strong bias in favor of granting . . . leave to amend a pleading." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). While Plaintiff has already amended her complaint once, under the circumstances of this case, the Court finds that Plaintiff should be granted leave to amend her complaint with respect to her claims against Defendants Griffin and Gusman. However, because any attempt to amend her complaint with respect to the Orleans Parish Sheriff's Office would be futile, the Sheriff's Office shall be dismissed as a party to these proceedings. *See id.*

## **CONCLUSION**

Accordingly,

 **IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Orleans Parish Sheriff's Office are **DISMISSED WITH PREJUDICE**, and the Orleans Parish Sheriff's Office is hereby **DISMISSED** as a party to these proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Clemont Griffin and Sheriff Marlin Gusman are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have twenty-one days from the issuance of this order, or by **October 4, 2019**, to amend her complaint and remedy the pleading deficiencies identified herein. Plaintiff's failure to do so shall result in her claims being dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 3)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 13th day of September, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE